# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| MILDRED KNIGHTEN | CIVIL ACTION NO. 03-1930 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| STATE FAIR OF LOUISIANA, ET AL. | MAGISTRATE JUDGE HAYES |

**MEMORANDUM ORDER**

Before the Court is a motion entitled "Defendant's Rule 56 Motion For Judgment As A Matter Of Law On Employer Status." (Record Document 77). The motion was referred to the Magistrate Judge for Report and Recommendation. The Magistrate Judge correctly construed the motion as a Motion for Summary Judgment under Federal Rule of Civil Procedure 56. Defendant, State Fair of Louisiana, filed objections to the Report and Recommendation of the Magistrate Judge (Record Document 88) and Plaintiff, Mildred Knighten, responded (Record Document 90) to those objections.

First, Defendant objects to the Magistrate Judge's finding that the State Fair of Louisiana, a non-profit corporation, is an employer under the Louisiana Whisteblower Statute, La. R.S. 23:967. The term "employer" is not defined under the Whisteblower Statute, La. R.S. 23:967. However, La. R.S. 23:302 provides a definition for the term "employer," a definition that exempts nonprofit corporations such as the State Fair of Louisiana. The Magistrate Judge declined to extend the section 302 definition of employer to section 967. The Magistrate Judge focused on the language of section 302, which makes clear that its provisions apply to "this chapter" only. <u>See</u> Record Document 87 at 10. Section 302 is found in Chapter 3-A, while section 967 is found in Chapter 9. <u>See id.</u> Further, the Magistrate Judge noted that the majority of the cases cited by Defendant in

support of extending section 302's definition to section 967 were unpublished opinions with little or no precedential value. See id. at 9.

Relying on Langley v. Pinkerton's, Incorporated, 220 F.Supp.2d 575, 580 (M.D.La. 2002) (stating that "[section 967] does not define 'employer,' and though it is found in Chapter 9 rather than in 3-A, courts have interpreted La. R.S. 23:302(2)'s definition of 'employer' to apply), Jackson v. Xavier University of Louisiana, No. 01-1659, 2002 WL 1482756 (E.D.La. July 8, 2002) (applying section 302's definition of an employer to section 967), and Jones v. JCC Holding Company, No. 01-0573, 2001 WL 537001 (E.D. La. 2001) (stating that "[s]ection 23:302 provides the definition of employment covered by § 23:967"), Defendant argued that it is not an employer under section 967 (the Whisteblower Statute) due to the nonprofit corporation exemption in section 302. In its objections to the Report and Recommendation, Defendant also cites Ray v. City of Bossier City, No. 37,308-CA (La.App. 2 Cir. 10/24/03), 859 So.2d 264. In Ray, the Court of Appeal of Louisiana, Second Circuit, stated that "courts have interpreted Section 23:302(2)'s definition of 'employer' to apply in cases where employment status is at issue." Ray, 859 So.2d at 273. The Ray court's statement was premised on the unpublished, federal district court opinions Jackson and Jones.

This Court finds that the Magistrate Judge's decision not to extend section 302's definition of "employer" to section 967 was correct. This Court declines to follow Defendant's reasoning and refuses to extend the definition of an employer in section 302 to section 967 when there is nothing more to support such an expansion than a nonbinding, published federal district court opinion, two unpublished federal district court

opinions, and a single Louisiana appellate court ruling that is, in turn, based on those unpublished federal district court opinions. Further, Section 302 is included in Chapter 3-A - Prohibited Discrimination in Employment. Section 967 is included in Chapter 9 - Miscellaneous Provisions, Part III, Employee Protection from Reprisal; Prohibited Practices; Remedies. There is simply no linking language between the two sections; in fact, the language in section 302 evinces that its provisions apply to "this chapter" only. If the Louisiana Legislature wished to carve out a nonprofit corporation exception for section 967, it could have easily done so with precise, narrowing language. Moreover, if the Louisiana Legislature intended for section 302's definition of an employer to be an overriding definition applicable to all statutes contained in Title 23, it could have easily eliminated the "this chapter" language in section 302. Rather than clear guidance from the Louisiana Legislature or binding precedent from the United States Court of Appeals, Fifth Circuit or the Louisiana Supreme Court, this Court is left with section 967's reference to "employer," a broad term with no hint of any exception. Thus, this Court declines to extend La. R.S. 23:302's definition of "employer" to the Louisiana Whistleblower Statute, La. R.S. 23:967.

Second, Defendant objects to the Magistrate Judge's finding that 16 temporary employees qualify as employees of the State Fair of Louisiana for purposes of Title VII. In support of this objection, Defendant simply argues that "in sum, a larger number of the factors weigh in favor of the temporary workers being employees of [the temporary agency], than the workers being employees of [the State Fair of Louisiana]." Record Document 88 at 8. After a thorough review of the record, the Court finds that the

Magistrate Judge's analysis under the hybrid economic realities/common law control test was correct, and that the 16 temporary employees qualify as employees of the State Fair of Louisiana for purposes of Title VII.

Accordingly;

The Report and Recommendation of the Magistrate Judge having been considered, together with the written objections thereto filed with this Court, and, after a *de novo* review of the record, finding that the Magistrate Judge's Report and Recommendation is correct and that judgment as recommended therein is warranted,

**IT IS ORDERED** the Motion for Summary Judgment (Record Document 77) filed by Defendant, State Fair of Louisiana be **DENIED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 21st day of March, 2006.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE